16-992
*Ghani v. Sessions*

BIA
Poczter, IJ
A095 515 847

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

UMER GHANI,

> *Petitioner,*

> v.                                                      16-992
>                                                         NAC

JEFFERSON B. SESSIONS, III, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:            Andrew P. Johnson, New York, NY.

FOR RESPONDENT:            Joyce R. Branda, Principal Deputy

Assistant Attorney General; John S. Hogan, Assistant Director; Robbin K. Blaya, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Umer Ghani, a native and citizen of Pakistan, seeks review of a March 15, 2016, decision of the BIA, affirming a November 20, 2014, decision of an Immigration Judge ("IJ") denying Ghani's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Umer Ghani,* No. A095 515 847 (B.I.A. Mar. 15, 2016), *aff'g* No. A095 515 847 (Immig. Ct. N.Y. City Nov. 20, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Ghani does not allege past persecution and seeks relief based on his fear of future persecution. "To establish eligibility for withholding of removal, an applicant must show that it is more likely than not that" he will be persecuted and that such persecution will be on account of a protected ground. *Y.C. v. Holder*, 741 F.3d 324, 332–33 (2d Cir. 2013) (quoting 8 C.F.R § 1208.16(b)). An applicant can either "provide evidence that he . . . would be singled out individually for . . . persecution" or establish "a pattern or practice of persecution of a group of persons similarly situated." 8 C.F.R. § 1208.16(b)(2).

We conclude that substantial evidence supports the agency's determination that Ghani failed to establish that it was more likely than not that he will be persecuted in Pakistan. Ghani fears persecution at the hands of the Taliban because, as he alleges, in 2008, the Taliban kidnapped his brother and cousin for ransom; his nephew visiting from England was killed in a suicide attack in Pakistan on an unknown date; and the Taliban sent him a threatening letter in 2008. Ghani testified

3

that the Taliban targeted his family because they are wealthy, and that 95 percent of his home region faces problem with the Taliban because the Swat Valley is one of the most dangerous regions in Pakistan. But dangerous conditions are not a basis for withholding. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group'"). Moreover, apart from these incidents, Ghani's family has resided in Pakistan unharmed, *see Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding future fear diminished when similarly situated family members are able to live unharmed in asylum applicant's native country), and the threat directed at Ghani is nearly a decade old and has not been repeated or referred to since 2008.

Accordingly, because Ghani failed to demonstrate a likelihood of harm, he failed to establish his eligibility for withholding of removal. Because this ruling is dispositive, we do not reach Ghani's arguments that the agency erred in failing to address whether any harm would be on account of

4

imputed religious beliefs. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The agency's conclusion that Ghani failed to establish that he was more likely than not to suffer persecution necessarily precluded his claim for CAT relief because that claim is based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk